## CHRISTAIN, *Constable,* v. JOHNSON.

No. 3764.    Opinion Filed July 28, 1914.

(142 Pac. 403.)

MANDAMUS—Attachment—Acceptance of Redelivery Bond.  Where the property of a defendant in an attachment suit before a justice of the peace is seized under the attachment order and in his favor judgment is rendered on the trial, and the plaintiff perfects an appeal to the county court, and pending such appeal the defendant tenders to the constable having in custody the attached property a bond conditioned as prescribed in section 5371, Rev. Laws 1910, and the constable refuses to accept the bond and to redeliver the property, such attachment defendant has a right to apply to the judge of the district court for a writ of mandamus, and such writ may properly issue commanding the constable to accept the bond and redeliver the property.

(Syllabus by Galbraith, C.)

*Error from District Court, Marshall County;*
*Summers Hardy, Judge.*

Mandamus by Charley Johnson against Tom Christain, as Constable.  Writ granted, and Christain brings error.  Affirmed.

*Geo. E. Rider* and *E. S. Hurt,* for plaintiff in error.

*Albert W. Rison,* for defendant in error.

Opinion by GALBRAITH, C.  This appeal is for the purpose of reviewing the judgment of the district court of Marshall county ordering a peremptory writ of mandamus.  The motion and application for the writ charged, in brief, that Charley Johnson, the petitioner, was defendant in an action for debt instituted before a justice of the peace in district No. 1 of Marshall county, and that an order of attachment was issued in said action and delivered to Tom Christain, who was a duly qualified and acting constable in said precinct, and that Christain, as said constable, levied said writ on petitioner's property and caused the same to be appraised, and made due return upon said order of attachment to such justice of the peace; that the value of the property

seized, as shown by the appraisement, was $50; that that suit is still pending and undecided, and that Christain, as constable, had the property attached in his custody and control; that on October 9, 1911, the petitioner presented to Christain, as such constable, a bond conditioned as provided in section 5371, Rev. Laws 1910, and that the said "Tom Christain then and there acknowledged the solvency of the sureties on said bond, but peremptorily refused to accept any bond regardless of the solvency thereof." An answer was made by Christain in which he set out the filing of the suit before the justice of the peace and the issuing of the order in attachment to him, and that he made levy on the petitioner's property, and that—

"on August 29, 1911, he made return of said attachment order as commanded to do; that at no time before said return on said August 29, 1911, did the said Johnson offer or express a desire to execute a bond as defendant in said attachment proceeding."

"Defendant further states that on September 13, 1911, a trial was had of the case of said Ida Anoatubby v. Charles Johnson, upon the bill of particulars filed therein, and a judgment rendered by said justice in favor of the defendant, and that the plaintiff in September 18, 1911, filed an appeal bond, and that said justice on September 26, 1911, filed a transcript of said case in the county court of Marshall county, Okla., where the same is now pending and undisposed of, and that defendant, as constable as aforesaid holds said attached property subject to the order of the county court of Marshall county, as required and provided by law."

The judge of the district court at chambers heard the cause upon the motion and application and the answer and the evidence offered, and ordered a peremptory writ of mandamus to issue against Tom Christain, as constable, commanding him:

"That upon the execution and delivery to him by the petitioner herein a good and sufficient bond, with one or more sureties, to the satisfaction of him, the said Tom Christain, in double the amount of the appraised value of the property held under said order of attachment, that he forthwith deliver such property to the said Charles Johnson, and that the said Tom Christain pay all the costs of this action."

Error is assigned on two grounds: First, that the writ could not issue, for the reason that the petitioner had a plain and

adequate remedy in the ordinary course of law; second, because the bond was not tendered until after the return was made on the writ of attachment. It is argued in support of the first ground that section 4908, Rev. Laws 1910, provides that a writ of mandamus may not issue where there is "a plain and adequate remedy in the ordinary course of law," and that the petitioner had such plain and adequate remedy by an application to the judge of the county court for release of the property. No authority other than the statute is cited to sustain this construction. It does not appear to us that this statute prohibited the court from issuing the writ in this instance. No statute is called to our attention that specifically authorized the county court to order the return or release of the property prior to trial and judgment in the cause, and it does not appear that it had that power. The statute under which the bond was tendered provided for the disposition of the property prior to final judgment. The bond was tendered under section 5371, Rev. Laws 1910, which reads as follows:

"The constable shall deliver the property attached to the person in whose possession it was found, upon the execution by such person, in the presence of the constable, of an undertaking to the plaintiff, with one or more sufficient sureties, residents of the county, to the effect that the parties to the same are bound in double the appraised value thereof, that the property or its appraised value in money shall be forthcoming to answer the judgment of the court in the action, but if it shall appear to the court that any part of said property has been lost or destroyed by unavoidable accident, the value thereof shall be remitted to the person or persons so bound."

This statute does not provide that the bond must be tendered before the constable makes a return of the writ of attachment. There is no such limitation in the statute, and we can conceive of no reason why we should read one into it, as contended by the plaintiff in error. The statute makes it the duty of a constable to deliver the attached property to the person in whose possession it was found upon the tender of a bond conditioned as therein provided and gives to the defendant in the attachment suit the legal right to the return of the property on tendering such bond.

It further appears that this writ afforded the petitioner an available remedy, and that he had no other adequate remedy, and that the writ was properly issued. *Stearns v. State,* 23 Okla. 462, 100 Pac. 909. The fact that the constable had made return on the order of attachment prior to the time the bond was tendered him and that his acceptance of the bond and return of the property to the attachment defendant may have necessitated his making a supplemental return to the writ of attachment is no legal reason for refusing to accept the bond and to redeliver the property.

We recommend that the exceptions be overruled, and that the judgment appealed from be affirmed.

By the Court: It is so ordered.